Connolly, Thomas E., J.
FINDINGS OF FACT
This civil action was commenced on May 18, 2010 by Lawrence J. Wysocki (“Wysocki”), individually and *337 as a Trustee of the 14 Folien Street Trust against Peter H. Scholnick, Trustee of the Peter H. Scholnick Revocable Trust and Peter H. Scholnick, Trustee of the 14 Folien Street Condominium Trust.
The two trustees live in their separate units at 14 Folien Street, Boston, MA, which is a three-unit condominium building. The third unit was sold by Scholnick to Scott Schewster, who occupied that unit and was a Trustee also. The condominium building was developed by Scholnick, who elected to stay on and live in one of three units and sold the other two units. Scholnick over the years has developed over thirty condominium units in the Boston area and is well acquainted with the procedure involving the construction, sale and the condominium procedures of running a condominium building.
Upon the sale of the two condominium units to Wysocki and Scholnick, Attorney Eliot Parkhurst, a partner of the defendant, Peter H. Scholnick became the manager of the condominium building including its financial affairs. In June 2009, Scholnick terminated his longstanding relationship with his attorney and former manager of the condominium namely, Eliot Parkhurst. Parkhurst then transferred all financial records and condominium papers to Scholnick. Scholnick then became the manager, or at least the de facto manager subject to the requirement of eh. 183A, §10.
Part of Scholnick’s duties were to keep all the financial and other records, to give access to said records to any trustee or condominium owner who asks for access and to allow any trustee the right to photocopy any and all said records.
Scholnick remained as the Trustee in charge of the affairs of the condominium building, collected the monthly common area charges, etc. from Wysocki and Schewster and paid the common charges on behalf of the condominium association. This situation continued the same from October 2008 up to and into 2010, and Scholnick exercised de facto the powers and duties of the trustees as set out in Declaration of Trust dated October 23, 2008. While all three owners under the Declaration of Trust were “trustees,” Scholnick’s responsibilities were as set out above. The bank account into which the condo’s funds were deposited allowed access to the records and the money on the signature of Scholnick, only.
On October 27, 2009, the plaintiff was informed that the due date for payment of the condominium’s master insurance policy had passed and Scholnick had not paid the premium. For the next twelve months Wysocki and Schewster demanded to see the condominium records, financial, insurance and otherwise, but Scholnick refused to provide them. Wysocki and Schewster inquired at TD Bank whether as Trustee of the Condominium Trust they could have access to the Condominium’s bank account. They were informed by the bank that Scholnick is the only authorized signer on the account and therefore they could not have access to any information.
Schewster then desired to sell his condominium and needed to produce copies of the Condominium’s financial and other records for a potential buyer. Scholnick refused to produce any records and refused to allow any other trustee to have access to the condominium funds in the TD Bank.
Thereupon on May 18, 2010, this civil action was commenced, and the Court (Quinlan, J.) granted a temporary restraining order ordering Scholnick not to transfer any of the funds in the TD Bank account except to pay usual and ordinary expenses. Service of the order and notice of a hearing on a preliminary injunction was made on Scholnick and returned to Court.
On May 27, 2010, the defendant, Scholnick, did not appear and the Court (Fahey, J.) entered a preliminary injunction which ordered Scholnick to make all financial and other records available for inspection and copying to the plaintiffs.
On October 4, 2010, another Complaint for Contempt was filed by the plaintiff indicating that Scholnick had not complied with the order to produce the financial and other records and did not give Wysocki access by signature to the condominium’s bank account funds. The contempt hearing was called on October 12, 2010, the defendant, Scholnick did not appear, the contempt was continued over to October 22,2010, and plaintiffs counsel was instructed by the Court to make in-hand service on Scholnick.
This Court then issued an order of notice for contempt to be served in hand to Scholnick. Said in hand service was accomplished but Scholnick did not appear at Court on October 22, 2010.
On October 22, 2010, this court on the motion of Wysocki, individually and as Trustee, issued a capias for the arrest of Scholnick and to have him brought before the Court for his contempt. The capias was executed on October 27, 2010 and he was brought before the Court. After hearing, Scholnick was found in contempt. After a colloquy with the Court, Mr. Scholnick indicated that he would comply with the orders of the Court, turn all the papers over to Wysocki, and give Wysocki access to the bank account. This Court was concerned whether Scholnick would comply and specifically asked him if he would give “his word” to this Court that he would do the matters which he was ordered to do. Mr. Scholnick then gave his word that he would comply with the Court’s order. Mr. Scholnick was then released from custody. The issue of costs for the plaintiffs was continued to be taken up by the Court after the defendant had complied with the orders.
On December 13, 2010, plaintiffs counsel appeared in court again with another petition for contempt. The Court was informed that after many *338 attempts since October 22, 2010, Scholnick finally produced the records, but did not and would not go to the bank with Wysocki to sign the necessary documents at TD Bank. On one day, Wysocki saw Scholnick walking on the sidewalk near his condominium and asked him to comply with the Court’s order and to go to TD Bank to allow Wysocki to have access to the account. Scholnick assured Wysocki that he would do it right away, but that he needed to bring his groceries home first. He said that he’d be right back out of his condominium. Unfortunately, he didn’t. He didn’t answer the doorbell and didn’t answer the phone.
Therefore, the plaintiffs counsel on December 12, 2010 again asked for another order of notice for contempt and another capias to issue because Scholnick had still not gone to the TD Bank to sign the necessary documents to give Wysocki access to the account. After again being arrested on a capias, Scholnick was brought again before the court. Scholnick again assured the Court that he would be very willing to go with Wysocki to allow access to the TD Bank account of the Trust. Mr. Scholnick accepted the Court’s suggestion that he be released from custody, and go to the TD Bank with Wysocki and plaintiffs counsel, David R. Jackowitz, and accomplish what was required and then report back to the Court. Two hours after, the three men returned to Court and informed the Court that Mr. Scholnick accomplished what was requested.
Counsel for the plaintiff then requested to go forward on a hearing on costs and attorneys fees. The Court indicated that with what all the parties had been through that day, it would be better to continue it to another day. Also, it would allow Mr. Scholnick the opportunity to obtain a lawyer, if he wished. The Court requested the parties to exchange any documents before the hearing which they intended to present to the Court. The hearing on costs and attorneys fees was set down for December 21, 2010. The defendant, Scholnick, appeared and was represented by Attorney Geoffrey G. Meader of Looney & Grossman, 101 Arch Street, Boston, MA 02110. The plaintiff was represented by David R. Jackowitz, Esq. at the hearing and throughout this case.
The plaintiff, Lawrence J. Wysocki, had to hire an attorney, expended a great deal of money to get the defendant, Scholnick, to do what he was responsible for doing. The plaintiff, Wysocki, has payed a great deal of money to pay the Deputy Sheriff to arrest Mr. Scholnick and to bring him to Court by means of a capias and his civil arrest. This had to be done THREE times. Mr. Scholnick is a longtime developer of condominiums in Boston. He certainly knows what had to be done to pay for the insurance, etc. for the condominium building. He simply refused to do it. The Court treated Mr. Scholnick very gingerly during these proceedings, even asking him to give the Court “his word” that he would do what he was saying that he would. Unfortunately for all involved, he did not keep his word and continued his failure to do what he had been ordered to do repeatedly.
This Court has thoroughly reviewed the detailed and itemized legal bills incurred by the plaintiff which the plaintiff was required to incur as a result of the defendant, Peter H. Scholnick’s failure to do what he was required to do and what this Court ordered him repeatedly to do. Scholnick took on the duties and responsibilities upon the departure of Scholnick’s longtime friend, partner and former manager of the condominium, Eliot Parkhurst, and all the papers, checking accounts were transferred to Scholnick. The checking account for the condominium trust was placed in Scholnick’s name only.
RULINGS OF LAW
This case involves a rare and egregious case of contempt to the Court and to the plaintiff. The defendant, Scholnick, was holding the documents needed by one member to sell his condominium and had sole control over the common funds of the condominium trust, and he refused to respond to the requests and entreaties of his other two trustees. It is something that he should have willingly and promptly done when first asked. He should have done it after he was served with process in this case, he should have appeared in court in response to the capias served and executed on him. The defendant is an educated and experienced man having been a developer of other condominiums in Boston. He simply has no excuse for the contempt that he has shown to the plaintiff, plaintiffs counsel and this Court.
“Where a party’s conduct in a litigation constitutes contempt of court, however, a court has discretion to award attorneys fees against the contumacious party . . . Courts are not powerless, however, to respond to the recalcitrance of a parly who delays compliance with a lawful court order, forcing a prevailing party to resort to litigation . . .” Police Commissioner of Boston v. Gows, 429 Mass. 14, 17 (1999). “[CJourts in other jurisdictions have recognized that, where overriding considerations so indicate, it is within the power of the Court to award attorneys fees where it is in the interest of justice . . . Conduct has been held to justify an award of attorneys fees where a parly has acted ”in bad faith, vexatiously, wantonly, or for oppressive reasons; . . . where the litigant’s conduct is unreasonably obdurate or obstinate . . . and where it should have been unnecessary for a successful litigant to have brought the action." Id., p. 18. “Even where no finding of contempt is made, the Court may award complainant in a civil contempt proceedings attorneys fees and expenses incurred in the attempt to ensure the enforcement of the Court’s Order.” Littlejohn v. Bic Corp., 697 F.Sup. 192, 194 (E.D.Pa., 1988); Police Commissioner of Boston v. Gows, 429 Mass. 14, 18-19 (1999).
*339 This Court sees no reason for the defendant to have been so contemptuous other than mere obstinateness by the defendant. For Mr. Scholnick, who is veiy experienced in condominiums, that is their construction, sale and management, to have behaved as he has, makes his conduct all the more contemptuous.
There is simply no reason why the plaintiff, Wysocki, should have to pay his legal fees and expenses. This case certainly comes within that rare and egregious case of contempt where justice and fairness demands it.
As indicated above, this Court has reviewed all submissions by both parties including the itemized time legal bills submitted by the plaintiffs attorney and finds them to be fair and reasonable both as to the legal fees (including the hourly rate charged and the time spent) and the expenses incurred. See: Cummings v. National Shawmut Bank, 284 Mass. 563, 569 (1934).
The plaintiff may also be due his attorneys fees and expenses under ch. 231, §6F, ch. 183A, §6(a)(ii) and ch. 183A, §6(b). However, the Court does not believe it necessary to reach those issues. Mass.RCiv.P. 11(a) would not apply in this situation since no one has filed an answer for the defendant in this case. While Attorney Geoffrey G. Meader of Boston appeared and filed his appearance for the defendant at the hearing on legal fees and expenses and was heard on the issues, no attorney has filed an answer for the defendant in this case.
ORDER
After hearing, it is ORDERED that the defendant, Peter H. Scholnick, individually and as Trustee of the 14 Folien Street Condominium and as Trustee of the Peter H. Scholnick Revocable Trust pay to the plaintiff, Lawrence J. Wysocki, individually and as Trustee of the 14 Folien Street Trust the sum of $10,227.00 in legal fees and $1,432.13 in incurred costs, for a total payment of $11,659.13, plus interest from the date of this order.